UNSEALED PER ORDER OF COURT

SEALED

FILED
2013 OCT 31 PM 3:34
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

December 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RUTH GRACIELA RAYGOZA (1),<br>    aka Chela,<br>MARIA DEL CARMEN<br>       PULIDO CONTRERAS (2),<br>    aka Cuki,<br>ADRIAN JOVAN ROCHA (3),<br>JONATHAN ROCHA (4),<br><br>    Defendants. | Case No. 13CR3984 JM<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1349 - Conspiracy To Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 1956(h), (a)(1)(B)(i), and (a)(2)(A) - Conspiracy To Launder Money (Concealment and International Promotion); Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges:

Count 1

CONSPIRACY TO COMMIT WIRE FRAUD

[18 U.S.C. § 1349]

Beginning on a date unknown to the grand jury, and continuing through on or about at least February 24, 2013, within the Southern District of California, and elsewhere, defendants RUTH GRACIELA RAYGOZA, aka Chela, (hereinafter "RAYGOZA"), MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, (hereinafter "PULIDO"), ADRIAN JOVAN ROCHA, (hereinafter "ADRIAN"), and JONATHAN ROCHA, (hereinafter "JONATHAN"),

JCA:nlv(1):San Diego
10/31/13


did knowingly and intentionally conspire with each other and others known and unknown to the grand jury to commit offenses against the United States, that is, to knowingly devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and in executing said scheme, caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

### THE MANNER AND MEANS OF THE CONSPIRACY

In furtherance of this conspiracy and to effect the objects thereof, defendants utilized the following manner and means among others:

1. Defendants made calls to individual victims throughout the United States and falsely represented that they were holding captive a relative or loved one of that individual.

2. Defendants demanded money from the victim for the safe release or delivery of the relative or loved one.

3. Defendants instructed the victim to wire money to a specific location within the Southern California area.

4. Defendants picked up the money that was wire transferred by the victims.

5. Defendants who picked up the money kept some of the money and transported and/or transmitted the remainder to other defendants in Mexico.

//
//
//

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

1. On or about January 10, 2012, an unknown conspirator called victim A.M. in Maryland, and falsely claimed that A.M.'s daughter from El Salvador had been smuggled into the United States and demanded $4,000 for the release of A.M.'s daughter.

2. On or about January 10, 2012, the unknown conspirator instructed A.M. to wire transfer $2,000 to defendant RAYGOZA.

3. On January 10, 2012, defendant RAYGOZA picked up a wire transfer in the amount of $2,000 that had been sent on behalf of victim A.M. to a location in the San Diego area.

4. On April 11, 2012, an unknown conspirator spoke to a special agent from Homeland Security Investigations acting in an undercover capacity who was posing as a victim (hereinafter "UCA") and demanded that the UCA wire transfer $700 to defendant ADRIAN in San Diego for the smuggling of the UCA's father. In addition, the unknown conspirator threatened to kill the UCA's father if the money was not paid.

5. On April 11, 2012, defendant ADRIAN picked up a wire transfer in the amount of $650 that had been sent by the UCA to a location in San Diego.

6. On or about April 26, 2012, an unknown conspirator called victim E.G. in Maryland, and falsely claimed that E.G.'s brother and step-son from Guatemala had been smuggled into the United States and demanded that victim E.G. pay $3,000.

7. On or about April 26, 2012, the unknown conspirator instructed E.G. to wire transfer $1,500 to defendant ADRIAN, and wire transfer $1,500 to defendant JONATHAN.

8. On April 26, 2012, defendant JONATHAN picked up a wire transfer in the amount of $1,500 that had been sent from victim E.G. to a location in San Diego.

9. On April 26, 2012, defendant ADRIAN picked up a wire transfer in the amount of $1,500 that had been sent on behalf of victim E.G. to a location in San Diego.

10. On or about August 13, 2012, an unknown conspirator called victim E.D. in Minnesota, and falsely claimed that E.D.'s husband had been smuggled into the United States.

11. On or about August 13, 2012, the unknown conspirator instructed E.D. to wire transfer $2,000 to defendant ADRIAN.

12. On August 13, 2012, defendant ADRIAN picked up a wire transfer in the amount of $2,000 that had been sent from victim E.D. to a location in the San Diego area.

13. On August 13, 2012, defendant ADRIAN traveled to a location near the border in San Ysidro, California, and handed money to a conspirator who delivered the money to another conspirator in Mexico.

14. On February 22, 2013, an unknown conspirator called victim R.V. in Virginia, and falsely claimed that R.V.'s nephew had been smuggled into the United States and demanded that victim R.V. send money for his delivery.

15. On or about February 22, 2013, the unknown conspirator instructed R.V. to wire transfer $1,500 to a conspirator in the Los Angeles area.

//

16. On February 22, 2013, defendant PULIDO picked up a wire transfer in the amount of $1,500 that had been sent from victim R.V. to a location in the Los Angeles area.

17. On February 24, 2013, defendant PULIDO sent a wire transfer in the amount of $595 from a location in the Los Angeles area to a conspirator in Tijuana, Mexico.

All in violation of Title 18, United States Code, Section 1349.

## Counts 2 - 6

### WIRE FRAUD

[18 U.S.C. §§ 1343 and 2]

1. The allegations set forth in Count 1 including the manner and means and the overt acts above are re-alleged as if fully set forth herein.

2. Beginning on a date unknown to the grand jury, and continuing through on or about at least February 24, 2013, within the Southern District of California, and elsewhere, defendants RUTH GRACIELA RAYGOZA, aka Chela, MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, ADRIAN JOVAN ROCHA, and JONATHAN ROCHA, and others known and unknown, did devise and intend to devise, with the intent to defraud, a scheme to defraud as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment and omission of material facts.

### The Wires

3. On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendants RUTH GRACIELA RAYGOZA, aka Chela, MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, ADRIAN JOVAN ROCHA, and JONATHAN ROCHA, and others known and

unknown, for the purpose of executing the aforesaid material scheme and attempting to do so, knowingly caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate and foreign commerce, as more particularly described below (Column "B"):

| "A" Count | Date | "B" Communication |
|---|---|---|
| 2 | January 10, 2012 | MoneyGram wire transfer in the amount of $2,000 on behalf of victim A.M. in Maryland to San Diego, California. |
| 3 | April 11, 2012 | MoneyGram wire transfer in the amount of $650 from the UCA in Virginia to San Diego, California. |
| 4 | April 26, 2012 | Western Union wire transfer in the amount of $1,500 from victim E.G. in Maryland to San Diego, California. |
| 5 | April 26, 2012 | Western Union wire transfer in the amount of $1,500 on behalf of victim E.G. in Maryland to San Diego, California. |
| 6 | August 13, 2012 | MoneyGram wire transfer in the amount of $2,000 from victim E.D. in Minnesota to San Diego, California. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### Count 7

### CONSPIRACY TO LAUNDER MONEY

[18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) (concealment) and 1956(a)(2)(A) (international promotion)]

1. The allegations in Count 1 including the Manner and Means and Overt Acts, and Counts 2 through 6 are hereby re-alleged and restated.

2. Beginning on a date unknown to the grand jury and continuing up through on or about at least February 24, 2013, within the Southern

District of California, and elsewhere, defendants RUTH GRACIELA RAYGOZA, aka Chela, MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, ADRIAN JOVAN ROCHA, and JONATHAN ROCHA did knowingly conspire with each other and others known and unknown to the grand jury –

    a) to knowingly conduct a financial transaction which involved the proceeds of specified unlawful activity, to wit, wire fraud, affecting interstate commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, to wit, a wire fraud scheme, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b) to knowingly transmit and transfer monetary instruments and funds from a place in the United States to a place outside thereof, to wit, Mexico, affecting foreign commerce, with the intent to promote the carrying on of specified unlawful activity, to wit, a wire fraud scheme, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Sections 1956(h), (a)(1)(B)(i) and (a)(2)(A).

//
//
//
//

FORFEITURE ALLEGATIONS

WIRE FRAUD

1. The allegations contained in Counts 1 through 6 of this Indictment are re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses alleged in Counts 1 through 6, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), defendants RUTH GRACIELA RAYGOZA, aka Chela, MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, ADRIAN JOVAN ROCHA, and JONATHAN ROCHA, shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to the violations.

MONEY LAUNDERING

3. The allegations contained in Count 7 are re-alleged and by their reference fully reincorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

4. As a result of the commission of the felony money laundering offense alleged in Count 7 of this Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), defendants RUTH GRACIELA RAYGOZA, aka Chela, MARIA DEL CARMEN PULIDO CONTRERAS, aka Cuki, ADRIAN JOVAN ROCHA, and JONATHAN ROCHA, shall, upon conviction, forfeit to the United States all property, real and personal, involved in the offense and any property traceable to such property.

## SUBSTITUTE PROPERTY

5. If any of the above-described forfeitable property as a result of any action or omission of any of the defendants -

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above in Paragraph 2.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, United States Code, Section 2461(c).

DATED: October 31, 2013.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
JOSE S. CASTILLO
Assistant U.S. Attorney

9